Jerome McKOY, Plaintiff–Appellant,

v.

John E. POTTER, and National Association of Letter Carriers, AFL–CIO, Defendants–Appellees.

No. 06–3660–cv.

United States Court of Appeals, Second Circuit.

Feb. 27, 2007.

Jerome McKoy, pro se, Staten Island, NY, for Plaintiff–Appellant.

Wendy H. Waszmer, Assistant United States Attorney (Michael J. Garcia, United States Attorney, and Kathy S. Marks, As-

sistant United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Defendant–Appellee John E. Potter.

Eyad Asad (Peter Herman, on the brief), Cohen, Weiss, and Simon, LLP, New York, NY, for Defendant–Appellee National Association of Letter Carriers, AFL–CIO.

PRESENT: AMALYA L. KEARSE, JOSÉ A. CABRANES, ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Jerome McKoy appeals *pro se* from a judgment of the District Court granting defendant-appellees' motions for dismissal of plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the ground that (1) the District Court lacked subject matter jurisdiction, and that (2) plaintiff's claims were precluded under the doctrine of *res judicata. See McKoy v. Potter,* 06 Civ. 1186, 2006 WL 1676475 (S.D.N.Y. June 14, 2006). Plaintiff's complaint purported to "appeal" an earlier judgment of the District Court dismissing plaintiff's complaint in a prior action. *See McKoy v. Potter, et al.,* 01 Civ.1984(SHS), 2002 WL 31028691 (S.D.N.Y. Sept. 30, 2002) (Sidney H. Stein, *Judge*), *aff'd,* 98 Fed.Appx. 28 (2d Cir.2004). In his initial action, plaintiff alleged, *inter alia,* race discrimination and disparate treatment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

We have reviewed plaintiff's claims and, substantially for the reasons set forth in Judge Chin's careful and comprehensive opinion, we find each of them to be without merit. Accordingly, we hereby **AFFIRM** the judgment of the District Court, and **DENY** plaintiff's motions for a preliminary injunction, declaratory relief, and "sanction" for "default."